MATTER OF ESCALANTE

In Deportation Proceedings

A-18437984
A-11944377

*Decided by Board April 18, 1969*

In the absence of supporting evidence, as required by regulations (8 CFR 103.5), a motion to reopen deportation proceedings is denied.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—After admission as a nonimmigrant under section 101(a)(15) of said Act, failed to comply with the conditions of the nonimmigrant status under which admitted (temporary visitor as to both).

ON BEHALF OF RESPONDENTS:
John F. Sheffield, Esquire
412 West Sixth Street
Los Angeles, California 90014
(Brief filed)

ON BEHALF OF SERVICE:
Sam I. Feldman
Trial Attorney
(Brief filed)

This is an appeal from the decision of the special inquiry officer, rendered on December 9, 1968, denying the respondents' motion to reopen proceedings. The respondents are man and wife, natives and citizens of Ecuador. The female respondent last entered the United States at Los Angeles, California on or about February 20, 1968, as a nonimmigrant visitor for pleasure authorized to remain until November 20, 1968. The male respondent entered the United States at Los Angeles, California on or about March 14, 1968, as a nonimmigrant visitor for pleasure authorized to remain until October 12, 1968. Both respondents were charged with accepting employment in the United States. Deportability is conceded and the respondents were granted the privilege of voluntary departure. Failing to depart as required, warrants of deportation were issued on December 4, 1968.

The motion to reopen proceedings is grounded on the fact that the female respondent had previously entered the United States

223

on July 20, 1959 as a permanent resident. New proceedings are requested for the purpose of applying for waivers under sections 211(b) and 212(c) of the Immigration and Nationality Act. The motion recites that the female respondent resided in the United States from 1959 until she returned to Ecuador in 1964 to be with her ailing mother. While in Ecuador, the female respondent became ill and, as a result, her return to the United States was delayed beyond the period of time when her Form I-151 would have permitted her reentry.

The Service brief in opposition to the motion to reopen concedes that the female respondent was admitted as a permanent resident on July 20, 1959. The Service brief states that the female respondent then returned to Ecuador in December 1963, and remained there until December 1966. On December 19, 1966, the American Consulate General at Guayaquil, Ecuador returned the female respondent's alien registration card (Form I-151) to the Immigration and Naturalization Service in Los Angeles, California, after concluding that she had abandoned her residence. The Service argues that the female respondent, having subsequently entered the United States on December 20, 1966, and February 20, 1968 as a nonimmigrant visitor, is not entitled to the relief sought in her motion to reopen.

We have reviewed the evidence of record including the briefs on appeal and conclude that the motion to reopen should be denied. As the Service notes, the regulations provide that a motion to reopen shall state new facts to be proved at the reopened hearing and shall be supported by affidavits or other evidentiary material, 8 CFR 103.5. There is no evidence to support the female respondent's motion showing that she qualifies for relief under section 211(b) or 212(c). A mere assertion of a previous status as a permanent resident is insufficient to order these proceedings reopened for the purpose of applying for relief under sections 211(b) and 212(c) of the Immigration and Nationality Act. The respondent is required to state additionally that she meets the statutory waiver requirement as to residence. Her motion fails to show this and, therefore, we affirm the decision of the special inquiry officer.

ORDER: It is ordered that the appeals be and the same are hereby dismissed.